UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**<br><br>    Plaintiff,<br><br>    v.<br><br>**JOSE LUIS CASERO SANCHEZ,**<br><br>    Defendant,<br><br>    and<br><br>**JOSE LUIS CASERO ABELLAN, and MARIA ISABEL SANCHEZ GONZALEZ,**<br><br>    Relief Defendants. | Civil Action No. 21-CV-8085 |

**TEMPORARY RESTRAINING ORDER FREEZING ASSETS
AND GRANTING OTHER RELIEF, AND ORDER TO SHOW CAUSE**

Plaintiff Securities and Exchange Commission (the "Commission") brings this *ex parte* motion for a Temporary Restraining Order Freezing Assets and Granting Other Relief, and an Order to Show Cause against Jose Luis Casero Sanchez ("Sanchez"), Jose Luis Casero Abellan ("Abellan"), and Maria Isabel Sanchez Gonzalez ("Gonzalez") (collectively "Defendants"). The Commission seeks (i) to temporarily freeze Defendants' United States assets, including two brokerage accounts and a digital assets account; (ii) to temporarily restrain Defendants from destroying, altering, or concealing evidence of any kind; (iii) authorization to conduct expedited discovery in connection with its request for a preliminary injunction; (iv) authorization to conduct alternative service by other means of all pleadings and papers related to the Motion, including the Complaint, Orders of the Court, and expedited discovery demands upon

Defendants; (v) an order to Defendants to show cause, if any, why a preliminary injunction should not be entered extending this temporary relief pending a final adjudication on the merits.

The Court has considered the Complaint, the Commission's motion, the supporting memorandum, declarations and exhibits thereto, and all other evidence and argument presented in support of the Motion. Based on the foregoing documents, the Court finds that the Commission has made a proper showing, as required by Section 20(b) of the Securities Act and Section 21(d) and Section 21A of the Exchange Act, for the relief granted herein. Specifically, the Court finds that:

1. This Court has jurisdiction over the subject matter of this action and over Defendants, and venue properly lies in this District.

2. The Commission has demonstrated that unless restrained and enjoined by this Court, Defendants may dissipate, conceal, or transfer from the jurisdiction of this Court assets that could be subject to an order of disgorgement or an order to pay civil penalties in this action. An order freezing Defendants' United States assets is necessary to preserve the status quo and to protect this Court's ability to award relief in the form of disgorgement, prejudgment interest, and civil penalties.

3. The Commission has demonstrated that an order prohibiting Defendants from destroying, altering, or concealing records of any kind—including documents concerning the allegations in the Complaint or the assets, finances, or business operations of Defendants—is necessary to ensure compliance with the asset freeze imposed and to protect the integrity of this litigation.

4. Expedited discovery is appropriate to permit a fair and prompt preliminary injunction hearing.

5.      Alternative service is appropriate to allow the Commission to expeditiously serve Defendants with this Order and any and all related pleadings and papers, including the Complaint, and to allow the Commission to conduct expedited discovery.

6.      Good and sufficient reasons have been shown why the Court should issue a temporary restraining order without prior notice to Defendants. There is good cause to believe that providing notice of these proceedings may result in the dissipation of assets or the compromising of evidence. It is appropriate for the Court to issue this Temporary Restraining Order and Order to Show Cause *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

**I.**
**ORDER FREEZING DEFENDANTS' ASSETS**

All banks, brokerage firms, and other financial institutions (including, but not limited to, Charles Schwab & Co. ("Schwab"), Tastyworks, Inc. ("Tastyworks"), and Bitstamp USA, Inc. ("Bitstamp")) and other persons or entities that receive actual notice of this Order by personal service or otherwise (including by fax, email, or overnight delivery service) holding:

(a)     any funds or other assets in the name of Defendant Sanchez or in the name of any person for Defendant Sanchez's benefit, subject to his control, over which he exercises actual or apparent authority, or in which he has a direct or indirect beneficial interest;

(b)     any funds or other assets in the name of Relief Defendant Gonzalez, or in the name of any person for Relief Defendant Gonzalez's benefit, subject to her control, over which she exercises actual or apparent authority, or in which she has a direct or indirect beneficial interest, up to $316,897.63, the amount of potential ill-gotten gains that she received; or

(c)     any funds or other assets in the name of Relief Defendant Abellan, or in the name of any person for Relief Defendant Abellan's benefit, subject to his control, over which he exercises actual or apparent authority, or in which he has a direct or indirect beneficial interest, up to $156,878.43, the amount of potential ill-gotten gains that he received,

in whatever form such funds or other assets may presently exist and wherever located, shall continue to hold and retain such funds or other assets within their control and shall prohibit the withdrawal, removal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets (including, but not limited to, charges on a credit card or draws on another credit arrangement); and all such funds or other assets are hereby frozen.

Assets covered by this Order include, but are not limited to, all holdings in the following specific accounts:

(i) **Schwab Brokerage Account**, in the name of Jose Luis Casero Abellan (including any sub-accounts), with the account number ▮▮▮▮ **1309**;

(ii) **Tastyworks Brokerage Account**, in the name of Maria Isabel Sanchez Gonzalez (including any sub-accounts), with the account number ▮▮▮▮ **5619**; and

(iii) **Bitstamp Digital Assets Account**, in the name of Jose Luis Casero Sanchez (including any sub-account), with the customer ID **dmgb**▮▮▮, deposit reference ▮▮▮▮▮▮ **4875**, and/or account number ▮▮▮▮▮▮▮▮ **9805**

Any United States bank, financial, or brokerage institution, or other person or entity holding any such funds or anything else of value in the United States in the name of, for the benefit of, or under the control of any Defendant that receives actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, email, facsimile transmission, overnight delivery, or otherwise:

A. Shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds, assets or property belonging to that Defendant, or in which that Defendant has a beneficial interest, in whatever name; and

    B.    Shall provide to counsel for the Commission identified below, within five (5) days of receiving a copy of this Order, a statement setting forth:

        1.    the identification number of each and every account or asset titled in the name, individually or jointly, of, or held on behalf of, or for the benefit of, the Defendant;

        2.    the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served;

        3.    a list of all transactions involving the asset or account which have occurred within the last 30 days; and

        4.    if requested by the Commission, copies of all records or other documentation pertaining to such accounts or assets, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

For the purposes of this section, service on counsel for the Commission shall be by overnight courier service or email directed to David Snyder and Christopher Colorado, United States Securities and Exchange Commission, 1617 JFK Blvd., Suite 520, Philadelphia, PA 19103, SnyderD@sec.gov and ColoradoCh@sec.gov.

## II.
## ORDER PROHIBITING DESTRUCTION OF RECORDS

Defendants, and all of their agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any of them who receive actual notice of this Order, are restrained and enjoined from, directly or indirectly, destroying, deleting, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any books, records, documents, correspondence, ledgers, contracts, agreements, assignments, statements, tape recordings, electronic files, computers, media, or any other property or data of any kind, and wherever located or stored: (a) pertaining in any way to any matter described in the

Complaint; (b) pertaining in any way to the purchase or sale of securities; or (c) relating to the assets of Defendants.  These documents and data are collectively referred to here as "Evidence."

Such Evidence includes both "hard copy" versions and electronically stored information, in any Defendant's possession, custody or control, including text files, data compilations, word processing documents, spreadsheets, e-mail, voicemail, text messages, databases, calendars and scheduling information, logs, file fragments and backup files, letters, instant messages, memoranda, notes, drawings, designs, correspondence or communications of any kind.  Evidence that is stored electronically may be maintained, among other places, on shared network files, computer hard drives, servers, cloud-based services, DVDs, CD-ROMs, flash drives, thumb drives, laptops, digital recorders, netbooks, PDA, or other handheld/smartphone devices.

Defendants are ordered to act affirmatively to prevent the destruction of Evidence.  This duty may necessitate quarantining certain Evidence to avoid its destruction or alteration or discontinuing the recycling of backup tapes or other storage media, and the deletion of emails, "trash," "recycling," "drafts," "sent," or "archived" folders.

Each Defendant shall also take steps to preserve any Evidence in the possession or custody of any third party, such as an internet service provider or a cloud computing provider, if such Evidence is within such Defendant's control.

Defendants are directed not to run or install any drive cleaning, wiping, deleting, encrypting, or defragmenting software on hard disks of computers, or cloud-based storage services that may contain Evidence.

# III.
# ORDER AUTHORIZING EXPEDITED DISCOVERY

The Commission's application for expedited discovery is granted. Commencing with the time and date of this Order, discovery may proceed without regard to the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure.

A. Pursuant to Federal Rule of Civil Procedure 33, the Commission may issue interrogatories to Defendants, and Defendants shall answer all of the Commission's interrogatories in writing under oath within seven days of service. The subject matter of any interrogatories issued pursuant to this Paragraph shall not be limited by Local Civil Rule 33.3(a).

B. Pursuant to Federal Rule of Civil Procedure 34, the Commission may request documents and tangible things from Defendants. Defendants shall respond and produce documents within seven days of service.

C. Pursuant to Federal Rule of Civil Procedure 30, the Commission may take depositions of parties or nonparties, upon seven days' notice. Depositions may be taken by telephone or other remote means.

D. Pursuant to Federal Rule of Civil Procedure 45, the Commission may issue document subpoenas to nonparties. Nonparties shall respond and produce responsive materials within seven days of service.

E. Defendants shall serve an answer or otherwise respond to the Complaint within seven calendar days from the date of this Order. Should Defendants fail to serve an answer or otherwise respond within such time, the Commission may seek a Certificate of Default and move for a default judgment.

F. All written responses to the Commission's discovery requests and all materials responsive to the Commission's requests for production and document subpoenas issued under this Section III shall be delivered by the most expeditious means possible, whether by hand delivery, email, or overnight courier, upon the Commission, directed to David Snyder and Christopher Colorado, United States Securities and Exchange Commission, 1617 JFK Blvd., Suite 520, Philadelphia, PA 19103, SnyderD@sec.gov and ColoradoCh@sec.gov.

## IV.
## ORDER AUTHORIZING ALTERNATIVE MEANS OF SERVICE

Representatives of the Commission are specially appointed by the Court to effect service of this Order, all papers related to the Motion, including the Complaint, and all expedited discovery demands.

Service on Defendants.  In addition to the methods of service described in Rule 4(f) of the Federal Rules of Civil Procedure, and in light of the facts and circumstances of this case, the Commission may serve Defendants and the Relief Defendants with this Order and any and all related pleadings and papers, including the Complaint, any Order of this Court, and expedited discovery demands, by (i) electronic mail; and/or (ii) by email or overnight mail delivery to the respective brokers and digital asset exchange (Schwab, Tastyworks, and Bitstamp) at which Defendants maintain accounts with instruction for the brokers and digital asset exchange to forward the documents to the respective Defendant at the address (including email address) on file for that Defendant.

Service on Nonparties.  Copies of this Order may be served by any means reasonably calculated to provide actual notice, including but not limited to personal delivery, overnight courier, facsimile transmission, or email, upon any entity or person that may have possession, custody, or control of any documents or assets of the Defendants, or that may be subject to any provision of this Order.

V.
ORDER TO SHOW CAUSE

Defendants wishing to be heard shall appear in this Court, before the Honorable Judge P. Kevin Castel, at 3:30 o'clock PM, on the 14th day of October, 2021, in Courtroom 11D United States Courthouse, 500 Pearl St., New York, NY 10007, to show cause, if there be any, why this Court should not enter a preliminary injunction and order preliminary relief against them, pursuant to Rule 65 of the Federal Rules of Civil Procedure, extending the temporary relief granted in this Order pending a final adjudication on the merits.

Defendants shall file any opposing papers in response to this Order to Show Cause by no later than October 7, 2021, at 5:00 p.m.  The Commission may have until October 12, 2021, at 12:00 p.m. (noon), to serve, by the most expeditious means available, any reply papers upon Defendants or their counsel, if counsel shall have made an appearance in this action.

This Order shall be, and is, binding on Defendants Jose Luis Casero Sanchez, Jose Luis Casero Abellan, and Maria Isabel Sanchez Gonzalez and any of their agents or representatives and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: 09/29/2021