UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION,

                    Plaintiff,                    21-cv-8085 (PKC)

       -against-                  OPINION AND ORDER

JOSE LUIS CASERO SANCHEZ,

                    Defendant,

       -and-

JOSE LUIS CASERO ABELLAN,
MARIA ISABEL SANCHEZ GONZALEZ,

                  Relief Defendants.

-----------------------------------------------------------x

CASTEL, U.S.D.J.

           Plaintiff Securities and Exchange Commission (the "SEC") moves for the entry of

default judgment against defendant Jose Luis Casero Sanchez pursuant to Rule 55(b), Fed. R.

Civ. P.  (Doc 48.)  For reasons that will be explained, the motion will be granted.

           The Complaint in this action was filed on September 29, 2021.  (Doc 1

("Compl't").)  It alleges that Sanchez engaged in repeated acts of insider trading by abusing his

position as a compliance analyst at a "prominent United States-based investment bank."

(Compl't ¶ 1.)  Specifically, the SEC brings against Sanchez one claim for violations of section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder,

one claim for violations of section 17(a) of the Securities Act of 1933 (the "Securities Act"), and

one claim for violations of section 14(e) of the Exchange Act and Rule 14e-13 thereunder.

(Compl't ¶¶ 100-110.)  The Complaint also brings a fourth claim against two relief defendants, Sanchez's parents Jose Luis Casero Abellan and Maria Isabel Sanchez Gonzalez, for disgorgement of Sanchez's illicit profits which are allegedly held in accounts in the names of the relief defendants.  (Compl't ¶¶ 111-115.)  The relief defendants and the SEC have agreed via stipulation to the dismissal of the claim against the relief defendants and the disgorgement of the funds held in those accounts upon the Court's granting of this motion for default.  (Docs 55 & 56.)

Rule 4(f)(3), Fed. R. Civ. P., permits service on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders."  Sanchez's last known address is in Granada, Spain.  (Compl't ¶ 8.)  The Court's temporary restraining order dated September 29, 2021 permitted the SEC to serve Sanchez by electronic mail or through service upon the digital asset exchanges at which Sanchez maintains accounts.  (Doc 20.) Affidavits of service reflect that on September 29, 2021, the SEC effectuated service on Sanchez of the Court's temporary restraining order via electronic mail and by service upon the digital asset exchanges (Doc 22), and on October 5, 2021, the SEC effectuated service on Sanchez of the Summons and Complaint via electronic mail (Doc 34).  Sanchez has not appeared in this case.  The Clerk of Court filed a certificate of default on December 15, 2021.  (Doc 38.)

The Court is satisfied that it has personal jurisdiction over Sanchez because Sanchez is alleged to have placed unlawful trades on the New York Stock Exchange, the NASDAQ Stock Exchange, and the NASDAQ Options market, each of which is located in this District.  (Compl't ¶ 7.)  The Court is also satisfied that it has subject matter jurisdiction because the Complaint brings claims under the Securities Act and Exchange Act.

When a defendant defaults, the well-pleaded allegations of a complaint are deemed to be admitted.  See, e.g., Vera v. Banco Bilbao Vizcaya Argentaria, S.A., 946 F.3d 120, 135 (2d Cir. 2019).  To establish liability under section 10(b) of the Exchange Act and Rule 10b-5, the SEC must show that the defendant "obtain[ed] (a) material, (b) nonpublic information intended to be used solely for a proper purpose and then (c) misappropriates or otherwise misuses that information (d) with scienter, (e) in breach of a fiduciary duty, or other duty arising out of a relationship of trust and confidence, to make 'secret profits'."  SEC v. Gonzalez de Castilla, 145 F. Supp. 2d 402, 412 (S.D.N.Y. June 27, 2001) (citing Dirks v. SEC, 463 U.S. 646, 654 (1983); United States v. Newman, 664 F.2d 12 (2d Cir. 1981)).  The elements of a claim under section 17(a) of the Securities Act are the same as those for a claim under section 10(b) of the Exchange Act.  SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1466-67 (2d Cir. 1996).

Here, the Complaint adequately alleges that Sanchez violated section 17(a) of the Securities Act, section 10(b) of the Exchange Act and Rule 10b-5.  The Complaint alleges that Sanchez obtained material nonpublic information from the investment bank's confidential database regarding 45 publicly-traded entities, which included details about pending or potential mergers, acquisitions, and equity offerings.  (Compl't ¶¶ 2, 37-41, 101.)  The Complaint further alleges that Sanchez misappropriated that confidential information by trading in the equity securities of those 45 entities by purchasing the securities before the announcement of the corporate event and then selling those securities to obtain illegal profits after the corporate event was announced.  (Id. ¶¶ 37-41.)  The Complaint also adequately alleges that Sanchez acted with scienter because he knew, due to his role as a compliance analyst, that the information obtained from the investment bank's confidential database was material and nonpublic, (Id. ¶¶ 19, 95, 99), and breached the duties of trust and confidence that he owed to his employer, the investment

bank, and its clients because the bank and its clients entrusted Sanchez to not trade on this confidential information in his role as a compliance analyst, (Id. ¶¶ 19, 30, 35). The Court concludes that the entry of default judgment is appropriate as to liability on the section 17(a), section 10(b) and Rule 10b-5 claims.

The Complaint also adequately alleges that Sanchez violated section 14(e) of the Exchange Act and Rule 14e-3. Section 14(e) and Rule 14e-3 prohibit insider trading in the context of a tender offer. To prove liability under section 14(e) and Rule 14e-3, in addition to showing the elements of section 10(b) set forth above, the SEC must show (1) substantial steps to commence a tender offer had been taken before the relevant trades occurred; (2) the material nonpublic information traded upon was relating to that tender offer; and (3) the defendant knew or had reason to know that he received the information from the offeror, offeree, or someone working on behalf of one of them. 17 C.F.R. § 240.14e-3(a); United States v. Chestman, 947 F.2d 551, 557 (2d Cir. 1991).

The Complaint adequately alleges violations under section 14(e) and Rule 14e-3. As discussed, the Complaint alleges facts that satisfy the elements of a section 10(b) violation; these same elements are required to prove a violation of section 14(e) and are also adequately alleged in the Complaint with respect to section 14(e). The Complaint also adequately alleges that Sanchez traded options or shares of three targets of tender offers – AMAG Pharmaceuticals, Inc., Viela Bio, Inc., and HD Supply Holdings – before the tender offers were publicly announced and based on material nonpublic information acquired from the confidential database. (Compl't ¶¶ 50-55, 64-67, 98.) Sanchez made these trades after substantial steps had been taken to commence the tender offers – those substantial steps included retaining Sanchez's investment bank to advise on the offerings, signing confidentiality agreements, conducting due diligence,

negotiating the tender offer price, and discussing the transaction with the board of directors (Compl't ¶¶ 52, 66, 99).  SEC v. Mayhew, 121 F.3d 44, 53 (2d Cir. 1997).  The information obtained by Sanchez is adequately alleged to be related to the tender offers of the three entities. (Compl't ¶ 34.)  The Complaint also adequately alleges that Sanchez obtained the information when he knew or had reason to know the information was from the offeror, offeree, or someone working on behalf of one of them, because the confidential database accessed by Sanchez indicated that the investment bank had been retained by the offeror, the offeree, or a shareholder of the offeror to advise on the offering.  (Id.)  Thus, entry of default judgment is appropriate as to liability for violations of section 14(e) and Rule 14e-3.

The SEC seeks three forms of relief: (1) permanent injunctive relief against Sanchez for his violations of the federal securities laws, (2) disgorgement of his unlawful trading profits, and (3) a civil monetary penalty in the amount of three times his unlawful gains.

The Court has authority to grant permanent injunctive relief through section 21(d) of the Exchange Act.  15 U.S.C. § 78u(d).  To determine whether to issue a permanent injunction, the court considers:

> "the fact that defendant has been found liable for illegal conduct; the degree of scienter involved; whether the infraction is an 'isolated occurrence;' whether defendant continues to maintain that his past conduct was blameless; and whether, because of his professional occupation, the defendant might be in a position where future violations could be anticipated."

SEC v. Commonwealth Chem. Sec., Inc., 574 F.2d 90, 100 (2d Cir. 1978).

Here, Sanchez is alleged to have traded in front of 45 transactions involving multiple issuers.  Sanchez was employed in the investment bank's compliance department and abused that position of trust to engage in insider trading.  Sanchez attempted to hide the funds in accounts in his parents' names.  And Sanchez has not appeared to defend his actions or otherwise

provide assurances against future violations.  These circumstances weigh in favor of granting injunctive relief, and a permanent injunction against future violations of Securities Act section 17(a), Exchange Act sections 10(b) and 14(e), and Exchange Act Rules 10b-5 and 14e-3 is granted.

The SEC also requests that the Court order disgorgement of Sanchez's unlawful trading profits and pay prejudgment interest on those profits.  The Court has broad discretion in determining the amount a defendant should disgorge.  See, e.g., SEC v. Rust, No. 16-cv-3573 (ER), 2021 WL 2850615, at *3 (S.D.N.Y. July 8, 2021); SEC v. Cope, No. 14-cv-7575 (DLC), 2021 WL 653088, at *2 (S.D.N.Y. Feb. 19, 2021).  Further, the SEC is not required to prove the disgorgement amount with certainty; rather, a reasonable approximation of profits will suffice. Id.  The SEC submitted a declaration detailing the relevant trading records and providing thorough analysis of Sanchez's illicit trades.  (See generally Doc 50 & Doc 50, Ex. A.)  The SEC calculated Sanchez's unlawful profits as at least $471,725.65.  (Doc 50 ¶ 14.)  The Court finds this calculation to be reasonable, and Sanchez is ordered to disgorge $471,725.65 for his unlawful trading profits and $14,330.89 in prejudgment interest.[1]  (Doc 50 & Doc 50, Ex. A.)

Third, the SEC requests a civil monetary penalty be imposed in an amount three times that of Sanchez's unlawful gains – i.e., $1,415,176.95.  Civil penalties are authorized under section 21A of the Exchange Act, and three times the profit gained is the maximum allowed civil penalty. See 15 U.S.C. § 78u-1(a)(1)–(2).  Given that Sanchez unlawfully traded on multiple recurring occasions, abused his position of trust as a compliance analyst, has demonstrated a high degree of scienter and has failed to appear to defend against the charges or otherwise explain his

---

[1] The awarded prejudgment interest is calculated using the IRS underpayment rate. See SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1479 (2d Cir. 1996). (Doc 50, Ex. A.)

conduct, the Court views the maximum civil penalty as appropriate.  The SEC's request for $1,415,176.95 in civil penalties against Sanchez is granted.

The SEC also requests that the assets previously frozen by the Court (Doc 20) be paid to the SEC in partial satisfaction of the disgorgement, prejudgment interest and civil penalties.  These frozen assets include assets of Sanchez as well as assets of the Relief Defendants, that latter of whom have released any interest in those assets (Doc 55 & 56).  The SEC's request to be paid from the frozen assets is granted.

CONCLUSION.

The SEC's motion for entry of default judgment is GRANTED.  (Doc 48.) Defendant Sanchez is permanently enjoined from further violations of the federal securities laws, and shall pay to the SEC $471,725.65 in disgorgement, $14,330.89 in prejudgment interest, and $1,415,176.95 in civil penalties.  Pursuant to previous stipulations (Docs 55 & 56), the claim against the Relief Defendants is dismissed.  The Clerk is directed to terminate the motion, enter Final Judgment in favor of the SEC against Sanchez and close the case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
         April 6, 2022